**United States District Court**
**Eastern District of Michigan**
**Southern Division**

The United States of America,

                Plaintiff,            Case No. 2:24-mj-30277

v.

Laith Jamil Kalasho,

                Defendant.

_____/

**Government's Motion to Revoke Pretrial Release**

The government has charged defendant Laith Kalasho with distribution of child pornography, 18 U.S.C. § 2252A(a)(2), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Kalasho, a sex offender, has a long-running sexual interest in children, including a 2007 offense wherein he attempted to have sex with a person he believed was a 13-year-old minor.

Kalasho violated the terms of his federal pretrial release by accessing the Internet, which is especially concerning because Kalasho *commits child-exploitation offenses when has access to the Internet.* Accordingly, the government moves this Court to revoke Kalasho's pretrial release. *See* 18 U.S.C. § 3148(b).

## I.     Facts

While in his late thirties in 2007, Kalasho entered a Yahoo chat room and initiated a conversation with a person who reported herself to be a 13-year-old girl. Ex. 1, p 1. The 13-year-old girl was actually a Wayne County sheriff's deputy acting undercover. Kalasho offered to perform oral sex on the deputy and added that, "I have to f*** u in ur a***." *Id.* When the deputy asked, "u don't care that im 13 do u?" Kalasho replied, "no[.]" *Id.* Kalasho asked the deputy if she wanted to see his penis, turned on his webcam, and revealed himself masturbating. *Id.*, pp. 1-2. Kalasho then displayed his face on the screen. *Id.*, p. 2.

Between the original date of contact on January 8, and January 19, 2007, there were 13 chat sessions between Kalasho and the deputy. In at least five of those conversations, Kalasho asked the deputy to meet for sexual activity. *Id.* Per the Michigan presentence report, "[t]he conversation was explicitly sexual and the defendant made multiple statements of what he would do to the victim." *Id.* On January 19, Kalasho again contacted the deputy to meet and have sex. The deputy provided an address in the Downriver area. Kalasho never arrived at

the location, but the deputy found several offline messages wherein he said: "where is the demmn place I was driving and driving...are you shure the address u give is tight..I eaven get a hotel room so we can take out time there...without no one can see us...it was nice room with hottop...Ieaven get u a cam for ur computer." *Id.*

Further investigation by investigators led to Kalasho's identification and arrest. *Id.* Kalasho admitted chatting with a 13-year-old girl, displaying his penis to her on the Internet, and asking her to meet him for sexual activity. *Id.*

A plea bargain in state court resulted in Kalasho's convictions on two counts of using the Internet or a computer system to communicate with another person to commit crime. Mich. Comp. Laws § 750.145d(1)(a). The predicate crime for those offenses was accosting a minor for immoral purposes, Mich. Comp. Laws § 750.145a. Ex. 2. Kalasho has been a registered sex offender since 2011. ECF No. 1, PageID.6.

In 2024, law enforcement discovered that Kalasho had distributed child pornography using the Kik messaging app. *Id.*, PageID.3-4.

Kalasho had a sexual conversation with Individual-1 on the service and then transmitted two images and a videorecording that meet the federal definition of child pornography. *Id.*, PageID.4. Kalasho shared the images on or about December 20, 2020, and the video on or about January 21, 2021. *Id.*

The videorecording Kalasho transmitted is 53 seconds long and shows a postpubescent female, approximately 13 to 16 years old, performing oral sex on a prepubescent male, approximately nine to 12 years old. At approximately 31 seconds into the video someone says, "Let's see how hard he is." The girl then moves back to reveal the erect penis of the boy. The voice says, "Keep going," and the girl follows the direction. At approximately 41 seconds the voice says, "Prove that you have the handcuffs on[,]" and the girl reveals handcuffs on both of her wrists. The voice then says, "K," and the girl resumes performing oral sex on the boy. *Id.* After sending the video, Kalasho told Individual-1, "[D]id you see how she sucking her brother's c***[.] *Id.*, PageID.3-4.

After determining Kalasho's identity as the distributor on Kik, law enforcement obtained a search warrant for his Michigan residence, arrested him at his workplace, and interviewed him. *Id.*, PageID.6.

4

During the interview, Kalasho identified the subject Kik account as his and said he had used the account to both receive child pornography images and videos from other users and then distribute the child pornography images and videos to other users. *Id.*

While searching Kalasho's residence, law enforcement located a cellular telephone with Kik installed and using the same username that Kalasho used to distribute pornography. *Id.*, PageID.7. The phone contained 68 unique images that meet the federal definition of child pornography, that is, they displayed minors, most of them prepubescent minors, either displaying their genitals or engaged in sex acts. *Id.* One image revealed a finger being inserted into the anus of a prepubescent girl. *Id.*

This Court authorized a complaint against Kalasho, charging him with distribution of child pornography, 18 U.S.C. § 2252A(a)(2), and possession of child pornography, *id.*, § 2252A(a)(5)(B). *Id.*, PageID.1. The Court granted him pretrial release on July 26, 2024.

The conditions of bond provided, in pertinent part:

[P]rohibition on access to computer/internet: The defendant is prohibited from accessing any computer, internet connective device, Internet Service Provider, bulletin board system or any other public or private computer network or

5

> internet service at any location, including employment or
> education, without prior written approval of the U.S.
> Pretrial Services or the Court. Any approval shall be subject
> to parameters as set by the U.S. Pretrial Services Agency or
> the Court.

ECF No. 8, PageID.22. Kalasho signed the pretrial-release order,

promising "to obey all conditions of release[.]" *Id.*, PageID.24. He

acknowledged that "[v]iolating any of the foregoing conditions of release

may result in the immediate issuance of a warrant for your arrest [and]

a revocation of your release[.]" *Id.*

During the initial appearance, after the pretrial officer on duty

read aloud the conditions of bond, including the prohibition on accessing

the Internet and possessing any Internet-capable device, the Court had

this colloquy with Kalasho:

| | |
|---|---|
| The Court: | Mr. Kalasho, did you hear all those bond conditions that were just discussed? |
| Kalasho: | Yes. |
| The Court: | Did you understand all of them? |
| Kalasho: | Yes, Your Honor. |
| The Court: | Can you tell me that you will abide by all of them? |
| Counsel: | Will you abide by all of them, will you follow all those rules? |
| Kalasho: | Oh yes, Your Honor. |

ECF No. 6 (audio recording), at 3:34-6:19.

6

Last week, the undersigned received a telephone call from Kalasho's supervising pretrial officer. The officer reported that she intended to submit a petition for a hearing regarding a bond violation. As of a week later, the government is aware of no pending petition. The agent reported that she recently discovered Kalasho possessed an Internet-capable device and was accessing the Internet using that device. The officer did not seize the phone and did not have an opportunity to review thoroughly the Internet history, but her quick search of the device at the residence did not reveal accessing child pornography. The officer told the undersigned that Kalasho was not supposed to have access to the home's WiFi, but Kalasho's device, had, in fact, accessed the Internet via the password-protected network. Kalasho admitted accessing the Internet on the device.

## II.   Argument

Legal obligations such as conditions of release have meaning only if a court enforces them. Enforcement is of exceptional importance when the subject of the conditions has a long-running sexual interest in children. Kalasho is one of those individuals. In 2007, he repeatedly sought contact with a person he believed was 13 years old, rented a

hotel room, and sought to have sex with her there. Years later, he was distributing and possessing horrific child pornography. All of these offenses involved computers and the Internet.

Upon finding clear and convincing evidence that a person violated any condition of release, a court "shall enter an order of revocation and detention" if it finds either that that no combination of conditions will assure that the person will not pose a danger to the community, or the person is unlikely to abide by any condition or combination of release. 18 U.S.C. § 3148(b).

Under the plain meaning of subsection 3148(b)'s text, the only clear-and-convincing requirement in the statute is for establishing the bond violation. This burden does not apply to establishing the danger the person poses to the community or their likelihood of success or failure on bond. *See In re Vill. Apothecary, Inc.*, 45 F.4th 940, 948 (6th Cir. 2022) (internal quotation marks and citations omitted) ("It is a basic canon of statutory interpretation that every word in the statute is presumed to have meaning and that courts should give effect to all the words to avoid an interpretation which would render words superfluous or redundant.").

Child exploitation offenses are presumption cases. *See* 18 U.S.C. § 3142(e)(3)(E). "[T]he presumption reflects Congress's substantive judgment that particular classes of offenders should *ordinarily* be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) (emphasis added). Specifically, subsection 3142(e)(3) reads that, in such cases, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer[.]" As a judge of this Court recently explained, "[t]he law requires the Court to presume that *no conditions* will reasonably assure appearance and the safety of the community." *United States v. Chadwick*, No. 2:23-cr-20653, 2023 U.S. Dist. LEXIS 215233, at *7 (E.D. Mich. Dec. 4, 2023) (opinion of Murphy, J.) (citing 18 U.S.C. § 3142(f)).

Indeed, "[t]he myriad of Internet-capable devices available, including those that work with data plans rather than wifi access, render policing [Carpenter]'s Internet use almost impossible." *United States v. Cornish*, 449 F. Supp. 3d 681, 687 (E.D. Ky. 2020). *See also United States v. Garcia*, No. 3:24-CR-00004-GFVT-MAS-1, 2024 U.S. Dist. LEXIS 74571, at *18 (E.D. Ky. Apr. 24, 2024) (collecting cases and

observing that "courts in the Sixth Circuit have repeatedly noted that prohibiting a defendant's access to the internet while on pretrial release is impractical—if not impossible.").

Kalasho's bond violation has proven the wisdom of these judges. Kalasho wasted no time in accessing the Internet and violating the court's rules. By doing so, Kalasho demonstrated his untrustworthiness: He flagrantly violated his promise to this Court.

These conditions are of the utmost importance in child-exploitation cases where the Internet is the vehicle by which the perpetrator commits his or her crimes, and where the offender has a long-running sexual interest in children. As the Sixth Circuit recently noted:

> [R]eceipt, distribution, and possession of child pornography are extremely dangerous to the community. [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Further, increased circulation provide[s] an economic motive to produce new images and films, leading to the sexual abuse of yet more children.

*United States v. Hoilman*, No. 22-6108, 2023 U.S. App. LEXIS 9947, at *3-4 (6th Cir. Apr. 24, 2023).

The pretrial officer's recent interaction with Kalasho demonstrates that he cannot be monitored. A cursory review of a person's web history (*which the user can clear*) provides inadequate assurances of Kalasho's compliance. And court-installed monitoring software only monitors *known* devices, not other devices the user obtains. The Court should revoke Kalasho's release and enter a detention order.

**Conclusion**

Kalasho is a danger to the community who refuses to comply with conditions that exist to protect the community. He has sought to have sex with a 13-year-old girl and distributed and possessed horrific imagery of children forced into sex acts. Testimony of the pretrial officer will establish clear and convincing evidence of Kalasho's violation. A finding that no bond conditions will assure the community's safety or that he is unlikely to abide by such conditions (given that he has already violated) is straightforward. See 18 U.S.C. § 3148(b).

WHEREFORE, the government respectfully requests this Court ISSUE a warrant for Kalasho's arrest, REVOKE his pretrial release, and ENTER an order of detention.

11

Respectfully Submitted,

DAWN N. ISON
UNITED STATES ATTORNEY

/s/ Louis F. Meizlish
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226-3211
(313) 226-97845
louis.meizlish@usdoj.gov

Dated:      September 6, 2024

12

## <u>Certificate of Service</u>

I hereby certify that on September 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification to the attorney of record.

<div style="margin-left:50%">

/s/ Louis F. Meizlish
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226-3211
(313) 226-97845
louis.meizlish@usdoj.gov

</div>