# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. **Laith Jamil Kaalsho**　　　　　　　　　　Case No. 24-mj-30277-01

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Tacarra Lanzon, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Laith Jamil Kalasho, who as placed under pretrial release supervision on a $10,000.00 Unsecured bond by United States Magistrate Judge <u>Anthony P. Patti</u> sitting in the court at <u>Eastern District of Michigan,</u> on <u>July 26, 2024,</u> under the following conditions:

1. Report to pretrial services as directed.
2. Travel restricted to the Eastern District of Michigan. Unless given previous consent of the Pretrial Services office, supervising officer, or the court.
3. No contact either directly or indirectly with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to the victim.
4. Obtain medical or mental health treatment as directed by the supervising officer.
5. Reside at the bond address, and any changes in residence must be pre-approved by the supervising officer.
6. Do not possess a firearm, destructive device, or other dangerous weapons. Remove all firearms, destructive devices or other dangerous weapons from bond address and provide verification to the supervising officer within 48 hours of release.
7. Submit to location monitoring with a GPS tether and Curfew as directed by Pretrial Services and comply with all program requirements as directed. You must pay all or part of the cost of the programs based upon your ability to pay as determined by Pretrial Services.
8. Agree not to obtain, view, or possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and print material in any form.
9. Agree not to have contact, either telephonically, verbally, virtually or through written material, or through any third party with the victim or any of the victim's immediate family members.
10. Agree to have no unsupervised contact with minor children under the age of eighteen (18), and not to reside in any household where the victim(s) or minor children live, and not to obtain employment or participate in any volunteer activity during which there is unsupervised contact with minors under the age of eighteen (18).
11. Agree not to visit any areas within 100 yards of any school, day care center, park, or other place where children congregate.
12. Agree to only reside in a residence approved, in advance, by the pretrial services office or supervising officer. Any changes in the residence must be pre-approved by the pretrial services office or supervising officer.
13. Agree to participate in treatment for specialized services as directed by the pretrial services office or supervising officer and pay all or part of the cost based on your ability to pay as the pretrial services office or supervising officer determines.

14. Will not patronize or be in or around places where sexually explicit materials or stimuli are available. (i.e. nude dancing clubs, pornography shops, etc.)
15. Prohibition on access to computer/internet: the defendant is prohibited from accessing any computer, internet connective device, Internet Service Provider, bulletin board system or any other public or private computer network or internet service at any location, including employment or education, without prior written approval of the U.S. Pretrial Services or the Court. Any approval shall be subject to the parameters set by the U.S. Pretrial Services Agency or the Court.
16. Do not possess any internet capable devices. Remove all internet capable devices from the bond address and provide verification to the supervising officer within 48 hours of release.
17. Comply with Sex Offender Registration and Notification Act (SORNA) requirements.
18. Participate in sex offender treatment as directed by Pretrial Services and comply with the treatment requirements.

---

On July 27, 2024, the morning following the defendant's release on bond, Pretrial Services Officer Specialist Demetrius Hardy conducted a home visit with the defendant and his wife, Kristin Kalasho. During this visit, the defendant's bond conditions were reviewed and explained in detail, the expectations of the defendant while on supervision were explained, and Officer Hardy reviewed the computer and internet restrictions with both parties. The defendant presented a cellular device, an Android style smartphone from Cricket Wireless and showed Officer Hardy that the cellular data on the device was deactivated. Additionally, Mrs. Kalasho signed a denial of computer access affidavit, advised that her personal and work computers and internet capable devices were password protected, and advised that the wireless internet within the home was password protected.

On August 8, 2024, an unannounced home visit was conducted by this writer. Upon arrival the defendant was asked to show this writer his cellular phone and show that there was no internet or data on the device. The defendant handed his phone to this writer and advised that the data service was disabled. Mrs. Kalasho was also present and corroborated this information. Upon picking up the device, it was noted that items that would need data service or other internet connection were loading on the device. The defendant was asked again if he had internet or data access, which he denied. Mrs. Kalasho also advised that the defendant did not have the password to the wireless internet. While conducting a cursory overview of the device, it was noted that there was browsing history in the web browser which began on July 28th, 2024, and continued until the date of this visit. This browsing history consisted of news websites, political websites, and retailers such as Amazon, Ace Hardware, and AliExpress.

When asked about his internet usage, the defendant indicated he "just visited the news", and advised he was aware that his bond conditions prohibited him from using the internet or a computer in any capacity. Additionally, the defendant confirmed he was connecting to the home's wireless signal to use the internet on his cellular phone. Mrs. Kalasho indicated she was in the process of changing the wireless signal password during this visit. Mrs. Kalasho feigned ignorance regarding the defendant's internet usage and his access to the home's wireless internet password.

Mr. Kalasho has a prior conviction for two counts of Felony Computers – Internet – Communicating with Another to Commit a Crime, for which he must comply with the Michigan Sex Offender Registration and Notification Act requirements, until June 13, 2032. The nature and circumstances of that offense are similar to the nature and circumstances in the instant alleged offense.

Pretrial Services believes the defendant's prior offense conduct, the nature and circumstances of the instant alleged offense, and the defendant's failure to comply with the prohibition on his internet usage is indicative of an elevated risk of danger on behalf of the defendant and recommends a bond review hearing be set.

The assigned Assistant United States Attorney, Louis F. Meizlish, and defense counsel, Mark D. Wilcox, have been advised of this request.

[this space intentionally left blank]

**PRAYING THAT THE COURT WILL ORDER A BOND REVIEW HEARING BE SET TO ADDRESS THE DEFENDANT'S NONCOMPLIANCE.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2024

Respectfully,

/s/Tacarra Lanzon

Senior United States Pretrial Services Officer
Place: Detroit, Michigan
Date: August 30, 2024

**THE COURT ORDERS:**

[ ] No Action

[ ] Modification of Pretrial Conditions as Requested

[✓] Bond Review Hearing and defendant to appear before the Judge assigned to the case on [date] at [time]. — Friday, September 13, 2024 at 10 a.m. in the Duty Courtroom.

[ ] The Issuance of a Warrant [check one]

   [ ] Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing.

   [ ] Defendant to appear before the Duty Magistrate Judge for purposes of bond determination

[ ] The incorporation of the violation (s) contained in this petition with the other violations pending before the Court.

[ ] Other

ORDER OF COURT

Considered and ordered this ___9th___ day of __September__, 20_24_ and ordered filed and made a part of the records in the above case.

_____
Anthony P. Patti
United States Magistrate Judge